RECEIVED
NOV 0 8 2019
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INFORMATION** |
| Plaintiff, | ) ) ) | 18 U.S.C. § 1349 |
| v. | ) ) | |
| AUDREY SEBILETTA HEATH, | ) ) ) | |
| Defendant. | | |

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At times relevant to the Information:

1. Victim Organization 1 was a non-profit organization in the greater Minneapolis-St. Paul, Minnesota area. Victim Organization 1 belonged to network of non-profit organizations that had locations throughout the United States.

2. Victim Organization 1's mission was to alleviate poverty, including by providing housing and related services to the homeless. Victim Organization 1 relied on funding from private donors, charitable foundations, and the United States Department of Housing and Urban Development, among others, to provide these services.

3. As part of its work to help the homeless, Victim Organization 1 made direct payments to landlords and other vendors (collectively "vendors"), who provided housing and related services to the organization's clients.


SCANNED
NOV 08 2019
U.S. DISTRICT COURT MPLS

*United States v. Audrey Sebiletta Heath*

    4.    Victim Organization 1 required vendors to provide supporting documentation with a request for program funds. For example, landlords were required to provide a signed lease agreement and Internal Revenue Service (IRS) Form W-9 Request for Taxpayer Identification Number (TIN) and Certification (IRS Form W-9). To complete the IRS Form W-9, a vendor was required to certify under penalties of perjury that, among other things, the TIN was correct and belonged to the vendor. For an individual serving as a vendor, the TIN was usually the individual's Social Security Number (SSN).

    5.    Prior to disbursing program funds to a vendor, Victim Organization 1 also required its employees to submit a written check request along with the vendor's supporting documentation. Approval from a program manager or other supervisor from Victim Organization 1 was required before submitting the request to Victim Organization 1's accounts payable department for approval. If approved, accounts payable then transmitted a request to a bank via email to disburse a check directed to the vendor.

    6.    Defendant **AUDREY SEBILETTA HEATH** resided in the District of Minnesota.

    7.    Beginning no later than in and around April 2012, and continuing until in and around June 2017, employees and former employees of Victim Organization 1 (collectively "employee coconspirators"), devised a scheme to defraud Victim Organization 1 of charitable funds by recruiting friends, family members, and associates, including defendant

*United States v. Audrey Sebiletta Heath*

**HEATH**, to pose as vendors (collectively "vendor coconspirators") providing services to fictitious homeless clients.

## COUNT 1
(Conspiracy to Commit Wire Fraud)

8.   The allegations contained in paragraphs 1 through 7 of this Information are incorporated here.

9.   Beginning no later than in and around June 2014, and continuing until in and around December 2014, in the State and District of Minnesota, the defendant,

**AUDREY SEBILETTA HEATH**,

with others known and unknown to the United States Attorney, did knowingly conspire and agree to commit an offense against the United States, namely:

> To knowingly devise and participate in a scheme and artifice to defraud Victim Organization 1, and to obtain and retain money from Victim Organization 1, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343, as further described below.

*Manner and Means of the Conspiracy*

10.   It was part of the conspiracy that no later than in and around June 2014, an employee of Victim Organization 1 recruited defendant **HEATH** to cash checks obtained from Victim Organization 1 by materially false and fraudulent pretenses, representations, and promises, including that **HEATH** was a landlord providing services to fictitious homeless clients.

*United States v. Audrey Sebiletta Heath*

11. To induce Victim Organization 1 into giving defendant **HEATH** money, and to conceal that the homeless clients whom she claimed to serve were fictitious, defendant **HEATH** provided her name, SSN, and other information to an employee to complete fraudulent IRS Forms W-9, lease agreements, and check requests that falsely claimed that defendant **HEATH** provided housing to homeless clients. For example, on or about July 20, 2014, the defendant sent a Victim Organization 1 employee an email in which the defendant claimed that she was in the process of forming a business—Champion Homes—that would provide services to Victim Organization 1. In fact, as defendant **HEATH** knew, she neither represented any such business nor provided any housing or other service to Victim Organization 1 or its homeless clients.

12. It was further a part of the conspiracy that at least one employee submitted the fraudulent check requests and supporting documentation to Victim Organization 1's accounts payable department through multiple means, including via email. Relying on information in these fraudulent check requests and supporting documentation, accounts payable then emailed Victim Organization 1's bank to request disbursement of charitable funds in checks directed to defendant **HEATH**.

13. It was also part of the conspiracy that defendant **HEATH** obtained checks from a Victim Organization 1 employee. Defendant **HEATH** then cashed the checks and divided the proceeds between herself and at least one Victim Organization 1 employee.

14. It was further part of the conspiracy that between on or about June 2, 2014,

*United States v. Audrey Sebiletta Heath*

and on or about December 8, 2014, defendant **HEATH** caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme and artifice to defraud Victim Organization 1 of approximately $14,650, in charitable funds intended to help the organization's homeless clients, which defendant **HEATH** and her coconspirators diverted to their personal use.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

Count 1 of this Information is incorporated here for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

As the result of the offense alleged in Count 1 of this Information, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1349.

If any property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

*United States v. Audrey Sebiletta Heath*

All in violation of Title 18, United States Code, Sections 1349, 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Dated: 11/8/2019

ERICA H. MacDONALD
United States Attorney

BY: MIRANDA E. DUGI
Attorney ID No. 5140546 (NY)
Assistant United States Attorney